IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CASE NO. 8:13CR00108 |
| | ) | |
| Plaintiff, | ) | **BRIEF IN SUPPORT OF** |
| | ) | **MOTION TO SUPPRESS** |
| vs. | ) | **EVIDENCE RESULTING FROM** |
| | ) | **SEARCH OF "ACTIVATING"** |
| KIRK COTTOM, | ) | **COMPUTER AND APPLICATION** |
| | ) | **OF WONG SUN DOCTRINE** |
| Defendant. | ) | |

### 1. Statement of the Case

1.1   The Defendant Kirk Cottom is before the Court on a superceding indictment charging that on November 19, 2012 he received and attempted to receive child pornography in violation of Title 18 U.S.C. §2252A(a)(2) (Count I) and, by the same conduct on November 19, 2012, he knowingly accessed with intent to view child pornography in violation of Title 18 U.S.C. 2252 A(a)(5) (Count II).

1.2   The defendant is joined with co-defendants "John Doe #2" and Kevin M. Pitman. Joinder of the parties is the subject of a motion to sever under Rule 8(b), ecf 51.

1.3   The motion to suppress challenges the execution of a search warrant issued November 17, 2012, "in the matter of the Search of Computers that access the website "Hidden Service B" located at s7cgvirt5wvojli5.onion." (8:12MJ359).

### 2. Statement of Facts

2.1   FBI Special Agent Jeffrey D. Tarpinian made Application For a Search Warrant upon Affidavit dated November 17, 2012.  Special Agent Tarpinian has been employed

by the FBI since May 1988, assigned to the Cyber Crime Task Force and is a full time investigator of computer related crimes. He has conducted over forty search warrants relating to crimes against children and participated in the execution of many state, local and federal search warrants.

2.2     The Tarpinian Affidavit provided investigative facts for probable cause to install a network investigative technique (NIT) on an image board containing child pornography but controlled by federal law enforcement between November 18, 2012 and December 2, 2012.

2.3     The purpose of the NIT was to search an "activating" computer for various information and seize the information to identify persons contacting the image board. One such piece of information seized was the computer modem's IP address.

2.4     A computer modem's IP address is a unique numeric identifier assigned by an Internet Service Provider (IPS). A computer uses a modem to communicate with other computers over the internet.

2.5     The Tarpinian Affidavit makes a showing at paragraphs 22-25 that notice mandated by Rule 41(f)(1)(C) may be delayed pursuant to Title 18 U.S.C. §3103a(b) if authorized by the Court.

2.6     U.S. Magistrate Judge F.A. Gossett "… authorize(d) the officer (Tarpinian) executing this warrant to delay notice to the person who, or whose property will be searched or seized … for 30 days."

2.7     On November 19, 2012 the NIT deployed to an "activating" computer and captured, along with other information, the IP address 69.207.147.71.

2

2.8    On November 20, 2012 Supervisory Special Agent K. Paul Cho issued an administrative subpoena to Time Warner Cable/Road Runner, Custodian of Records, Herndon, Virginia for subscriber information for IP address 69.207.147.71 to include the date and time the activating computer hit the image board.

2.9    On November 26, 2012 Time Warner Cable responded to the subpoena and identified its subscriber Kirk Cottom, 248 Wahl Road, Rochester, NY 14609 along with phone number, email and credit card information.

2.10   On March 20, 2013 a federal grand jury in the District of Nebraska returned the instant indictment naming "John Doe #1 a/k/a the user of IP Address 69.207.147.71 on November 19, 2012."

2.11   On April 9, 2013 Special Agent Barry W. Couch made application for a search warrant of the Cottom residence, "In the matter of the search of the premises at 248 Wahl Road, Rochester, New York, as more particularly described in attachment A."  The Couch Affidavit relies, in part, upon "written reports about this and other investigations" relating to "Website A" operated by law enforcement agent in Omaha between November 18, 2012 until December 2, 2012.  It also relies, in part, on the results of the NIT deployed on November 19, 2012 pursuant to the search warrant under challenge. Application for the search of Cottom's home was made in the Western District of New York and the warrant was issued April 9, 2013 by U.S. Magistrate Judge Marian W. Payson.

2.12   Special Agents Couch and Liam Kelly approached the Cottom residence on April 9th, knocked and announced their identity with the FBI but withheld information about

the search warrant. Mr. Cottom allowed Couch and Kelly into the home upon the agents request to "talk for a few minutes." After questioning Cottom about facts relevant to the child pornography investigation, the agents asked for permission to search the home and computers. Cottom refused so the agents presented the search warrant and conducted the warrant authorized search.

2.13   After concluding the search, Cottom was arrested. The FBI FD-302 dated April 10, 2013 does not reflect any <u>Miranda</u> warnings.

2.14   Mr. Cottom has never received any notice that a search of his computer in his home was conducted and there is no return to the Court with an inventory of the seizure.

### 3. Issues

3.1   Whether the execution of the search warrant into the home computer of Defendant Cottom on November 19, 2012 violated Rule 41(f)(1)(C) and (D) and Title 18 U.S. §3103a(b) and, if so, whether the proper remedy is suppression.

3.2   Whether, assuming suppression of the fruit from the search, the doctrine of *Wong Sun* applies to the April 9, 2013 search of Cottom's home and statements made to the FBI.

### 4. Law

4.1   The notice or service requirement of Rule 41 must be interpreted in the light of the important policies underlying the warrant requirement – to provide the property owner assurance and notice during the search. The Supreme Court has repeatedly held that an

4

essential function of the warrant is to "assure the individual whose property is searched or seized of the lawful authority of the executing officer, his need to search, and the limits of his power to search." U.S. v. Gantt, 194 F.3d 987, 990 (9th Cir. 1999) (quoting U.S. v. Chadwick, 4 33 U.S. 1, 9 (1977); U.S. v. Espinoza, 2005 WL 3542519 (E.D. Wash).

4.2    A search warrant issued pursuant to Title 18 U.S.C. §3103a requires notice, even if delayed until a reasonable period of time after the search, but surreptitious searches and seizures of intangibles strike at the heart of the privacy interests protected by the Fourth Amendment and demand that §3103a warrants *strictly comply* with the requirements of the statute. Espinoza, at *2.

4.3    The absence of any notice requirement in a warrant casts strong doubt on its constitutional adequacy. U.S. v. Freitas, 800 F.2d 1451, 1456 (9th Cir. 1986) citing, Berger v. New York, 388 U.S. 41, 60 (1967).

4.4    Noncompliance with Rule 41 does not automatically require exclusion of evidence in a federal prosecution but exclusion is required if a defendant is prejudiced or if reckless disregard of proper procedure is evident. U.S. v. Spencer, 439 F.3d 905, 913 (8th Cir. 2006) citing, U.S. v. Schoenheit, 856 F.2d 74, 76 (8th Cir. 1988); U.S. v. Brown, 584 F.2d 252, 258 (8th Cir. 1978); U.S. v. Bieri, 21 F.3d 811, 816 (8th Cir. 1994).

4.5    The good faith exception to the exclusionary rule applies to *invalid* warrants where law enforcement is not expected to recognize the difference. The exclusionary rule is designed to deter police misconduct rather than errors of judges and magistrates. Illinois v. Krull, 480 U.S. 340, 349-52 (1987). If there is no error on the part of the judiciary, the good faith exception is inapplicable. Stated differently, the good faith exception is not

relevant where the violation lies in the *execution* of the warrant, not the validity of the warrant.  Gantt, at 105-106.

4.6    A good faith exception to the exclusionary rule exists if the reliance by the officers on an *invalid* search warrant is objectively reasonable.  U.S. v. Schroeder, 129 F.3d 439, 442 (8th Cir. 1997).

4.7    The good faith exception in *Leon* was announced in response to a factual situation where officers were acting in reasonable, good faith reliance upon a search warrant which was ultimately found to be invalid.  U.S. v. Marts, 986 F.2d 1216, 1219 (8th Cir. 1993).

## 5.  Argument

The motion to suppress challenges the *execution* of the search warrant in that law enforcement failed to provide notice to the person who, or whose property will be searched or seized within 30 days of the date issued, November 17, 2012.

The search warrant also commands that the officer executing this warrant … must prepare an inventory as required by law and promptly return this warrant and inventory to U.S. Magistrate Judge F.A. Gossett but that was not done.

The search was conducted on November 19, 2012 and by November 26, 2012 law enforcement had information on the identity of the IP subscriber and the address where the search occurred, 248 Wahl Road, Rochester, New York but notice was not attempted or accomplished.

The Tarpinian Affidavit makes clear law enforcement was knowledgeable of its obligations to provide notice under Rule 41 and specifically sought authorization under

Title 18 U.S.C. §3103a(b) to delay notice to avoid an adverse result as defined in Title 18 U.S.C. §2705. Yet, given that specific authority by the Court, law enforcement failed to yield notice to Defendant Cottom.

The conduct of law enforcement on April 9th, 2013 knowing that an indictment had been returned, knowing an arrest warrant was issued, knowing a search warrant was issued but failing to disclose that information in order to obtain evidence from Mr. Cottom indicates deliberate conduct and requires exclusion of evidence.

The search warrant is the sole source of evidence of identification and the identification evidence led to the search of the Cottom home. The doctrine of <u>Wong Sun</u> applies.

The warrant is facially valid and the good faith exception of <u>Leon</u> has no application.

    KIRK COTTOM, Defendant

By: /s/ Joseph F. Gross, Jr.
      Joseph F. Gross, Jr., #14690
For: Timmermier, Gross & Prentiss
      8712 W. Dodge Rd., Ste. 401
      Omaha, NE 68114
      (402) 391-4600
      (402) 391-6221 (FAX)
      jfgross@tgplaw.com

**CERTIFICATE OF SERVICE**

      I, Joseph F. Gross, Jr., hereby certify that a copy of the foregoing Brief in Support of Motion to Suppress Evidence Resulting from Search of "Activating" Computer and Application of Wong Sun Doctrine was served on the parties on August 29, 2013 via the Court's ECF system:

Michael P. Norris
U.S. Attorney's Office – Omaha
Michael.norris@usdoj.gov

Keith A. Becker
U.S. Department of Justice
Child Exploitation Section
Keith.Becker@usdoj.gov

Sarah Chang
U.S. Department of Justice
sarah.chang@usdoj.gov

                                                                /s/ Joseph F. Gross, Jr.