IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | 8:13CR108 |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| KIRK COTTOM, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**GOVERNMENT'S *AMENDED* BRIEF IN OPPOSITION TO
DEFENDANTS' MOTION TO SEVER**

Prepared and Submitted by:

DEBORAH R. GILG
United States Attorney
for the District of Nebraska

MICHAEL P. NORRIS (#17765)
Assistant U.S. Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
Phone:  (402) 661-3700

KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 305-4104

SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 353-4979

**Nature of the Case**

A Grand Jury sitting in the District of Nebraska has returned a superseding indictment against Kirk Cottom and Kevin Pitman.  Count I charges Cottom and Pitman with the receipt and attempted receipt of child pornography, a violation of Title 18, United States Code, Sections 2252A(a)(2) & (b)(1).  Count II of the superseding indictment charges each defendant with accessing child pornography with the intent to view, a violation of Title 18, United States Code, Section 2252A(a)(5)(B).  (Filing No. 6).  Cottom and Pitman have entered pleas of not guilty to the superseding indictment.

Cottom and Pitman have filed a motion seeking severance claiming improper joinder.  Pitman and Cottom seek trials independent of each other and John Doe #2.  (John Doe #2 will not be proceeding to trial and therefore will not be addressed in this matter.)

The United States respectfully submits that Cottom and Pitman are properly joined together.  The United States respectfully requests that the motions to sever be denied.  Joinder of these defendants is proper under Rule 8(b) of the Federal Rules of Criminal Procedure.  Moreover, neither defendant has nor can he demonstrate real prejudice.

**Facts**

"Website A," whose name is known to the Grand Jury, was a child pornography website whose primary purpose was the advertisement and distribution of child pornography.  It operated from August of 2012 until December of 2012.  On November 15, 2012, the computer server hosting "Website A" was seized from a web-hosting facility in Bellevue, Nebraska.  The website remained operating in Omaha, Nebraska from November 18, 2012, until December 2, 2012, at which time "Website A" ceased to operate.  Between November 18, 2012, and December 2, 2012, law enforcement agents observed electronic communications of users of "Website A."  Before and after its seizure by law enforcement, law enforcement agents viewed, examined and

documented the contents of "Website A," which is described below.

"Website A" was a website of a format known as an "image board" that allowed its users to upload and view images containing male and female children as young as infants being sexually exploited. An image board is a categorized repository for digital images. "Website A" did not require an individual user to register or create an account to view, upload, or comment on material located on the board itself. Any user who accessed "Website A" had full access to every page of the board. "Website A" was broken into categories that pertained to pre-teen boys, teen-aged boys, teen-aged girls, babies/toddlers, and fetishes. There were no sections reserved for postings of adult pornography. The discussion area contained image posts, requests for specific images or image types, and reports from users regarding problems with the board. When a user wished to access a particular category, the user simply clicked on a link on the site which directed the user to a web-page containing images uploaded into that particular category.

There were over 6,000 images available on "Website A." The vast majority of those images depicted minor children engaged in sexually explicit conduct with adults or other children, or minor children who were fully or partially nude and posed so as to expose their genitals.

"Website A" users utilized advanced technological means in order to undermine law enforcement's attempts to identify them. For example, "Website A" was technically designed to facilitate anonymous communication by its users. Only a user who had installed special software on the user's computer could access "Website A." That software enabled the communications of "Website A" users to be routed through multiple computers in order prevent communications from being traced back to the users.

Cottom accessed "Website A" on November 19, 2012. Cottom selected the section entitled "PT girls." Several board image threads were displayed on that page including thumbnail images from the various threads. One of the threads have the subject title "fingerbumbgirl" and

displayed three thumb nail images from that particular thread. The images involved prepubescent minors engaged in sexual explicit conduct. (Cottom search warrant affidavit at p. 14).

Pitman accessed the website on November 20, 2012, and accessed a message thread titled "Promises", which had been posted on November 18, 2012. The thread contained images of child pornography and child erotica. The images from that thread are described in the search warrant. (Pitman search warrant affidavit at p. 13). Pitman again accessed the website on November 27, 2012, accessing a message thread titled "Tot", which had been posted on November 26, 2012. That thread contained images of child pornography and child erotica described at page 13 of the search warrant for Pitman's residence.

Between November 19, and November 30, 2012, each accessed the "girls/index" section of the board. On November 27, 2012, and November 30, 2012, Pittman accessed the "girls/index" section of the board. November 19, 2012, Cottom accessed the same section. Both arrived at that section through "GET" commands (requests from the user to execute a command).

**ARGUMENT**

Rule 8(b) of the Federal Rules of Criminal Procedure provides for joinder of parties in a criminal procedure. The Rule states:

> The indictment or information may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses. The defendants may be charged in one or more counts together or separately. All defendants need not be charged in each count.

Fed. R. Crim. P. 8(b). Cottom and Pitman are indicted for their participation in the same illegal acts using the same overall scheme: that is, receiving and accessing with intent to view child pornography on "Website A." The child pornography that each received, accessed and viewed was posted on the same image board in Nebraska. Each defendant knew about and participated in illegal acts through "Website A," a bulletin board dedicated to child pornography activities. Thus, each defendant was part of the "same series of acts or transactions." See United States v.

3

Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir.), cert. denied, 459 U.S. 1040 (1982) (finding the "same series of acts or transactions" when each joined defendant knew about a common plan or scheme in which they participated). See also United States v. Bledsoe, 674 F.2d 647, 656 (8th Cir.) ("Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." (citing United States v. Ford, 632 F.2d 1354, 1372–73 (9th Cir. 1980)).   Each was on the board at or about the same time, specifically, between November 19, 2012, and December 2, 2012, after the board had been seized by law enforcement.   Each accessed the "girl/index" section of the image board.   Thus, it is clear that Pitman and Cottom are properly joined as defendants under Rule 8(b).

Rule 8 is to be liberally construed in favor of joinder.   See United States v. O'Connell, 841 F.2d 1408, 1432 (8th Cir. 1988).   "The presumption against severing properly joined cases is strong."   United Sates v. Ruiz, 412 F.3d 871, 886 (8th Cir. 2005); United States v. Thompson, 690 F.3d 977, 989 (8th Cir. 2012).   "This preference for joint trials is not limited by any requirement that the quantum of evidence of each defendant's culpability be quantitatively or qualitatively equivalent."   Thompson, 690 F.3d at 989; United States v. Pou, 953 F.2d 363, 368-69 (8th Cir. 1992).

Courts also have founds that defendants may be joined when they act in concert in regard to their use of the Internet.   In United States v. Stokes, the court found defendants to be properly joined who had met on an internet child pornography website.   2011 WL 1585601, at *4.   One defendant downloaded and viewed images of the victim on his hard drive being sexually abused by another defendant.   Id.   During these same time frames, and on the same computers, the first defendant also downloaded and viewed images of other child pornography.   Id.   The Internet history for these items, and the images themselves, are in the same collection of pornography

4

which includes images of the victim.  Id.  The court determined that the indictment, on its face, set forth a single conspiracy to commit sex trafficking by force, fraud or coercion, and thus showed that the defendants were properly joined for trial.  Id.  Further, the court held that "considering the cautionary instructions available and the counts as charged in the indictment, I do not believe the evidence will be so complex or muddled as to prevent the jury from separately considering the evidence against defendants."  Id. at *9.  As such, the court denied the defendants' motion to sever and found the parties were properly joined on the child pornography offenses.

Rule 14 of the Federal Rules of Criminal Procedure allows for severance if joinder at trial will prejudice the defendant.  Rule 14 provides:

> If it appears that a defendant or the government is prejudice by a joinder of offenses or defendants in an indictment, an information, or by such joinder for trial together, the court may order an election or separate trials of counts, grant a severance of defendant or provide whatever other relief that justice requires.  In ruling on a motion by a defendant for severance the court may order the attorney for the government to deliver to the court for inspection in camera any statements or confessions made by the defendants which the government intends to introduce in evidence at the trial.

Fed. R. Crim. P. 14.

"A defendant is entitled to severance only if he shows that prejudice would result from a joint trial."  United States v. Sanchez-Garcia, 685 F.3d 745, 754 (8th Cir. 2012).  Specifically, a defendant must show "real prejudice" that is, "something more than the mere fact that he would have had a better chance for acquittal had he been tried separately."  United States v. Elder, 683 F.3d 1065, 1074 (8th Cir. 2012).

Neither Cottom nor Pitman can demonstrate the type of prejudice required to justify severance under Rule 14.  In fact, such a claim would be difficult to make.  They accessed the same board at or about the same time.  The board is devoted to child pornography involving prepubescent minors.  They visited the same portion of the board.  Those portions of the image board that they viewed independent from the other can be easily compartmentalized by a trier of

5

fact.   Neither Pitman nor Cottom can prove or demonstrate prejudice if his trial is not severed from the other.   The motion to sever should be denied.

## CONCLUSION

For the reasons stated above, the United States respectfully submits that the motion for severance be denied.

Respectfully submitted,

UNITED STATES OF AMERICA,
Plaintiff

DEBORAH R. GILG
United States Attorney

By:  s/ Michael P. Norris
MICHAEL P. NORRIS (#17765)
Assistant United States Attorney
1620 Dodge Street, Suite 1400
Omaha, Nebraska 68102-1506
(402) 661-3700

s/Keith Becker
KEITH BECKER
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 305-4104

s/Sarah Chang
SARAH CHANG
DOJ Trial Attorney
1400 New York Ave NW 6th Floor
Washington, DC   20530
(202) 353-4979

## CERTIFICATE OF SERVICE

I hereby certify that on September 27, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent notification of such filing to the following:   Joseph F. Gross, Attorney at Law and Julie A. Frank, Attorney at Law.

s/ Michael P. Norris
Assistant U.S. Attorney