IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | 8:13CR108 |
| | ) | |
| Plaintiff, | ) | **MOTION TO SUPPRESS** |
| | ) | **EVIDENCE RESULTING FROM** |
| v. | ) | **SEARCH OF "ACTIVATING"** |
| | ) | **COMPUTER** |
| **KEVIN PITMAN,** | ) | |
| | ) | |
| Defendant. | ) | |

FACTUAL BACKGROUND

Defendant, Kevin Pitman has filed a Motion to Suppress evidence which was obtained by the Government pursuant to an application to search computers that accessed website "Hidden Service B" located at s7cgvirt5wvojli5.onion[1]. As set forth in the application for the warrant, the purpose of the warrant was to obtain a search warrant to use a network investigative technique ("NIT") in order to identify users of the websit. The "NIT" is designed to augment content received on a website user's computer "with some additional computer instructions. When a computer successfully downloads those instructions, the instructions are designed to cause the "activating" computer to deliver certain information to a computer controlled by or known to the government. That information is described with particularity on the warrant … and the warrant authorizes obtaining no other information." (Search Warrant Affidavit p. 18).

On or about November 17, 2012, FBI Special Agent Jeffrey D. Tarpinian made application for the search warrant referred to *supra.* Tarpinian's affidavit

---

[1] This is the website alleged to contain the child pornographic material which is the subject of these proceedings.

1

provided facts which were deemed sufficient to establish probable cause to install a "NIT" on the website image board.

Tarpinian sought and United States Magistrate Judge F. A. Gosset granted a thirty (30) day delay in providing notice to the person or persons whose property was searched or seized. As a result of the activation of the "NIT", IP address 99.73.230.93 was captured and identified between November 20, 2012 and December 2, 2012. The IP address was eventually connected to Defendant Kevin Pitman.

Based upon information which was exclusively obtained through the use of the "NIT" to the activating computer, the Government issued an administrative subpoena to AT&T Internet Services requesting information related to the user assigned IP address 99.73.230.93 on November 20, 2012 at 04:05:34, 04:05:40 and 04:05:40 and 04:10:31. The information received from the administrative subpoena indicated that the subscriber was Kevin Pitman.

The Government, by and through FBI, Special Agent, Sean M. Mullen, obtained a search warrant on April 8, 2013 for the residence of the Defendant Pitman. On or about April 9, 2013 federal agents executed the warrant and searched the home of the Defendant in Austin, Texas and seized various computer and electronic equipment. At that time officers conducted an interview of the Defendant as well.

ARGUMENT

Fed. R. Crim. Pro 41(f)(1)(C) and (D) along with other provisions of federal criminal law provide receipt and return notice requirements for search warrants. In the instant case, neither the requirements listed in Rule 41(f)(1)(C) and (D)(for search warrants), Rule 41(f)(2)(B) and (C)(for a tracking devices), nor 18 USC 3103a were met. Until the discovery materials were produced in the instant case, Defendant was unaware of the existence of the search warrant. Likewise he was unaware of the search itself and the results of the search. He had never been given notice of any kind regarding the execution of the warrant.

In *U.S. v. Freitas,* 800 F.2d 1451 (9th Cir. 1986), the Court analyzed a surreptitious search, where the Government was allowed to enter a premises and view the property only to gain information and leave without anyone knowing. Defendant argues that the authorization of the "NIT" was directly analogous to a surreptitious search in that the Government was allowed to invade property and seize intangibles (IP address information) without anyone knowing. In *Freitas* the Court noted:

> We take the position because surreptitious searches and seizures of intangibles strike at the very heart of the interest protected by the Fourth Amendment. The mere thought of strangers walking through and visually examining the center of our privacy interest, our home, arouses our passion for freedom as does nothing else. That passion, the true source of the Fourth Amendment demands that surreptitious entries be closely circumscribed.

*Id.* at 1456.

Defendant argues that the same is true in the instant case and that the court must require faithful adherence to protecting such privacy interests.

Nevertheless, failure to comply with Rule 41 does not automatically require suppression. *Id.* at 1461 (dissent, J. Poole). Exclusion is required where a defendant is prejudiced or if reckless disregard of proper procedure is evident. **United States v. Mutschelknaus,** 592 F.3d 826, 829 (8th Cir. 2010). Defendant avers that the Defendant is not only prejudiced in the instance case, but that in failing to give any notice as required by Rule 41, the Government acted in reckless disregard of the law.

Defendant argues that the **Leon**, "good faith" exception is not applicable in the instant case. Here, the warrant itself was not defective; rather the execution of the warrant was defective. Based upon the face of the warrant, notice was delayed for thirty (30) days, but was still required. Since no notice was given and Rule 41 was not observed, the execution of the warrant was invalid and must be suppressed. In addition, the application of the doctrine of **Wong Sun** applies in this case and requires the suppression of all evidence taken during the search of Defendant's premises on or about April 9, 2013 as well as any statements made by Defendant to law enforcement authorities.

        Kevin Pitmam,
        Defendant,

By   s/Julie A. Frank
     Julie A. Frank, #15945
     FRANK & GRYVA, PC., LLO
     201 Historic Library Plaza
     1823 Harney Street
     Omaha, NE  68102
     (402) 346-0874

## CERTIFICATE OF SERVICE

I hereby certifies that on October 18, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which sent information of such filing to the following: Michael Norris, Keith A. Becker, Sarah Chang, and Joseph F. Gross, Jr.

                                              s/Julie A. Frank
Julie A. Frank, #15945
Attorney for Defendant
FRANK & GRYVA, P.C., L.L.O.
201 Historic Library Plaza
1823 Harney Street
Omaha, NE 68102
(402) 346-0874