IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiffs,<br><br>vs.<br><br>KIRK COTTOM, DAVID SMITH, KEVIN M. PITMAN,<br><br>                Defendants. | 8:13CR108<br><br>MEMORANDUM AND ORDER |

This matter is before the court on defendants Kirk Cottom's and Kevin M. Pitman's objections, Filing Nos. 71, 73, and 75, to the magistrate judge's order, Filing No. 63, denying defendants' motions to sever, Filing Nos. 51 and 59. Defendants are charged with receipt and attempted receipt of child pornography and knowingly accessing with intent to view child pornography in violation of 18 U.S.C. § 2252A.

**I. FACTS**

The court generally agrees with the magistrate judge's recitation of the facts and they need not be repeated here. Essentially, in the Second Superseding Indictment (Sealed), each of the defendants is charged with one count of receiving and attempting to receive child pornography using any means or facility of interstate commerce, including by computer, in violation of 18 U.S.C. § 2252A(a)(2) (Count I) and one count of knowingly accessing a means or facility of interstate commerce to view child pornography (Count II) in violation of 18 U.S.C. § 2252A(a)(5)(B) from November 18, 2012, through December 9, 2012.[1] The allegations against each defendant differ only

---

[1] This court granted the government's emergency sealed *ex parte* motion for substitution of redacted indictments in several related cases as well as the present case. *See* Filing No. 48; Filing No.

with respect to the dates of the defendants' violations. The United States (hereinafter, "the government") alleges that a website, known as an image board, that allowed its users to view and upload images of children being sexually exploited ("Website A") was operated from August to December of 2012 in Bellevue, Nebraska. The site was designed to facilitate "anonymous communications and prevention of detection by law enforcement" in connection with the advertising and distribution of child pornography. The computer server that hosted the website was seized by law enforcement officers on November 15, 2012, and they monitored activity on the site from November 19, 2012, to December 9, 2012. Each of the defendants is alleged to have viewed child pornography during that time period.

The operational particulars of the website are detailed in the Second Superseding Indictment (Sealed). The government alleges that the website had over 6000 images, divided into categories such as "pre-teen boys," "pre-teen girls," "babies," "toddlers," and "fetishes." The website did not require an individual user to register in order to view, upload or comment on material contained in the board. Further, the government alleges that the users of "Website A" utilized advanced technological means in order to undermine law enforcement's attempts to identify them, including installing certain software that rerouted the communications to other computers.

---

33 in 8:13CR104; Filing No. 39 in 8:13CR105; Filing No. 67 in 8:13CR106; and Filing No. 90 in 8:13CR107. In the initial indictment, none of the defendants were named; they were denominated "John Doe" and identified by IP address. Filing No. 1, Indictment. The government later superseded its indictment naming these defendants and again superseded its indictment to name an additional defendant. Filing No. 6, Superseding Indictment, & 66, Second Superseding Indictment. In the government's summary of changes, it asserts that the only changes are the substitution of names instead of "John Does." Filing Nos. 10 & 69, Notice: Summaries. Redacted copies have been substituted for the publicly available indictments.

Significantly, the government does not charge a conspiracy, nor allege that any defendants were acting in concert with each other.

The defendants' motions to sever are premised on the assertion that the defendants are misjoined under Fed. R. Crim. P. 8(b). In opposition to the defendants' motion to sever, the government argues that all of the defendants are properly joined because they accessed the board during the same time-frame and accessed the "girl/index" section of the board.

The magistrate judge found that "each of the defendants is alleged to have accessed "Website A" during the time the government monitored the website. Filing No. 63, Order at 2. Further, the magistrate judge found "the court does not anticipate that, upon proper instruction, the jury will have great difficulty compartmentalizing the evidence pertaining to each defendant and returning a verdict as to each defendant as to each count of the indictment." *Id.* at 3.

Defendants Cottom and Pitman object to the magistrate judge's order, arguing that the magistrate judge's findings are clearly erroneous and contrary to law.

## II. LAW

Review of a magistrate judge's order on an issue of law is de novo. *See* 28 U.S.C. § 636(b)(1); Fed. R. Crim. P. 59(b)(3). Whether joinder of defendants is proper is a question of law. *United States v. Robaina*, 39 F.3d 858, 861 (8th Cir. 1994).

Rule 8 of the Federal Rules of Criminal Procedure governs joinder of both offenses and defendants. Under Fed. R. Crim. P. 8(a), the indictment or information may charge a defendant in separate counts with two or more offenses if the offenses charged—whether felonies or misdemeanors or both—are of the same or similar

3

character, or are based on the same act or transaction, or are connected with or constitute parts of a common scheme or plan. Fed. R. Crim. P. 8(a). Individual defendants may be joined "if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions, constituting an offense or offenses." Fed. R. Crim. P. 8(b). "Where an indictment joins defendants as well as offenses, the propriety of the joinder of offenses is governed by Rule 8(b), rather than Rule 8(a)." United States v. Mann, 701 F.3d 274, 289 (8th Cir. 2012).

"Rule 8(b) requires that there be some common activity involving all of the defendants which embraces all the charged offenses even though every defendant need not have participated in or be charged with each offense." United States v. Bledsoe, 674 F.2d 647, 655 (8th Cir. 1982). The propriety of joinder must appear on the face of the indictment. United States v. Morris, 723 F.3d 934, 941 (8th Cir. 2013); United States v. Wadena, 152 F.3d 831, 848 (8th Cir. 1998). "'It is not necessary that all defendants be charged in each count,' and '[t]he prerequisites for joinder are liberally construed in favor of joinder.'" Morris, 723 F.3d at 941 (quoting United States v. Liveoak, 377 F.3d 859, 864 (8th Cir. 2004)). "Persons charged in a conspiracy or jointly indicted on similar evidence from the same or related events should be tried together, even if each defendant did not participate in or was not charged with each offense." United States v. Gravatt, 280 F.3d 1189, 1191 (8th Cir. 2002); Bledsoe, 674 F.2d at 655 (noting that "[a] broad reading of Rule 8(b) is justified because Fed. R. Crim. P. 14 provides a means by which trial courts can protect defendants from prejudice resulting from joint trials").

4

However, "there are definite limits to what the government can put together in a single indictment." *United States v. Nicely*, 922 F.2d 850, 853 (D.C. Cir .1991). "Rule 8(b)'s language 'may not be read to embrace similar or even identical offenses, unless those offenses are related. . . . [T]here must be a logical relationship between the acts or transactions within the series.'" *Id.* (quoting *United States v. Perry*, 731 F.2d 985, 990 (D.C. Cir. 1984)); *see United States v. Davis*, 397 F.3d 173, 182 (3d Cir. 2005) (although each defendant need not be charged with each act in the series, there must be a logical relationship among the offenses, i.e., "'seemingly unrelated' guns and drugs were all recovered from men riding together in the same car and, therefore, there was a strong basis to conclude that these guns and drugs were connected"). The rules do not permit cumulation of prejudice by charging several defendants with similar but unrelated offenses. *United States v. Jones*, 880 F.2d 55. 61 (8th Cir. 1989); *United States v. Southwest Bus Sales, Inc.*, 20 F.3d 1449, 1455 (8th Cir. 1994) (noting the danger of trying defendants *en masse* for the conglomeration of distinct and separate offenses committed by others).

An important factor in determining whether transactions are connected is whether evidence supporting the separate counts sufficiently overlaps so that the same evidence would be admissible at separate trials. *United States v. Sumler*, 294 F.3d 579, 584 (3d Cir. 2002) (joinder of drug and gun counts proper because evidence was "inextricably intertwined"). Generally, the test for whether counts are misjoined under Rule 8(b) is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants. *United States v. Butera*, 677 F.2d 1376 (11th Cir. 1982).

## III.  DISCUSSION

The court finds that the magistrate judge erred in finding that the defendants were properly joined under Fed. R. Crim. P.  8(b).  The facts alleged in the Second Superseding Indictment do not show that the defendants participated in the same act or transaction, or in the same series of acts or transactions, that constitute an offense or offenses.  No common activity is alleged, no conspiracy is alleged, and there are no allegations that the defendants knew each other or were even aware of the others' existence.  Similarly, there is no allegation that the defendants aided and abetted each other in any overall scheme.

The test is whether the acts alleged in the indictment are unified by some substantial identity of facts or participants.  Here, they are not.  The government charges that all of the defendants used the same image board website to view child pornography.  That conduct falls short of an allegation of joint activity.  The government simply alleges that each of the defendants committed a separate crime by similar means, i.e., logging onto and viewing different images on the same website.  The defendants acted at different times, from different locations, at differing levels of involvement, and without knowledge of each other's acts.

This situation is analogous to individuals using the same post office to commit mail fraud or to people robbing the same bank at different times.  The fact that the crimes are similar does not mean they are related.  The defendants merely used the same means to commit separate crimes.  The defendants are charged with separate, legally distinct crimes and must be tried separately.  Although defendant David Smith

6

was arrested only recently and is not involved in the severance motions, the court's finding of improper joinder applies to all defendants.  Accordingly,

IT IS ORDERED:

1. Defendants Cottom's and Pitman's objections (Filing Nos. 71, 73 and 75) are sustained.

2. The magistrate judge's order (Filing No. 63) is reversed.

3. The defendants' motions to sever (Filing Nos. 51 and 59) are granted.

4. This action is to be tried separately with respect to each defendant.

Dated this 12th day of December, 2013.

BY THE COURT:

s/ Joseph F. Bataillon
United States District Judge