# FAX

Date : 12/10/12

Total number of pages : 16

To : 14109818672

Company :

Department :

Fax number : 14109818672

From : Jacqueline Murray (CCI-

Subject: 72.192.29.149 / 00080347

MPA Jackson,

Please find attached the response to your Subpoena.

Respectfully,

*Jacqueline Murray*
Subpoena Specialist
Cox Communications, Inc.
jacqueline.murray@cox.com

1



Subpoena Compliance Office
Cox Communications, Inc.
1400 Lake Hearn Drive
Atlanta, GA 30319
(404) 269-0100
FAX: (404) 269-1898
SubpoenaResponse@cox.com

# EMAIL

TO:   MPA Maria E. Jackson

FAX.  [fax.14106842695]

From. Subpoena Response Office
      Cox Communications

Date.  Saturday, December 08, 2012

Re.    Customer Information Request

Number of pages (including cover).   7

In response to the referenced and attached, Cox Communications answers with the enclosed information.

We are providing records retained by Cox for limited business purposes and cannot guarantee that they necessarily represent information linking the identified customer to your investigation.

We also ask that you check to assure that the search performed was accurate and responsive before proceeding with its use. The information provided is from Cox systems of record, which are maintained for its business purposes and not for law enforcement or litigation matters. As such, Cox Communications accepts no responsibility for any use you may make of this response.

Please note the current service and related information on the schedule attached.

*Jacqueline Murray*
Subpoena Specialist
Subpoena Compliance Office
Cox Communications

## Responsive Records

| Search By | Search For | Max Results Limit (Optional) |
|---|---|---|
| ⦿ IP Address | 72.192.29.149 | 5,000 |
| ○ CM MAC | **Start Date (Optional)*** | ☑ Search Archives (ALL data)** |
|   | 11/18 02:18:38 |   |
| ○ CPE MAC | **End Date (Optional)*** | ☐ CSV Output (Excel) |
|   | 11/20 04:40:39 | ☐ Expand IPv6 addresses |

Submit    Clear Dates

**2 lease record(s) found**

| IP Address | RDC | CM MAC | CPE MAC | Hostname | Starts (GMT) | Ends (GMT) |
|---|---|---|---|---|---|---|
| 72.192.29.149 | ri | 00:22:ce:72:ba:12 | e0:91:f5:ff:a a:01 |  | 2012-10-28 01:51:34 | 2012-12-09 13:22:28 |
| 72.192.29.149 | ri | 00:22:ce:72:ba:12 | e0:91:f5:ff:a a:01 |  | 2012-10-28 01:51:34 | 2012-12-01 18:40:15 |

**2 lease record(s) found**

\* DHCP leases are stored in GMT. Don't forget to include a time zone when pasting any zone other than GMT.

4

| Subscriber info for 216044224201 | | Account Lookup | |
|---|---|---|---|
| Market | Connecticut | CM MAC | 00:22:ce:72:ba:12 |
| ICOMS ID | 216044224201 | CM Serial | |
| Name | Vincent Diberardino | ICOMS ID | |
| Address | 435 Robbins Ave. Newington, CT 06111-3740 | Cox Email | |
| | | Preferred Email | |
| Home Phone | (860) 666-4958 | Phone Number | |

Submit Query

[CC Notes]
[Search For Tickets]
[POP3 Activity]
[Webmail Activity]
[IMAP Activity]
[SMTP Auth Activity]

| Modem | Serial | MAC | Tools |
|---|---|---|---|
| SA | 220163754 | 00:22:ce:72:ba:12 | [ DHCP ] [ CMTS ] [ Modem Status ] |





## IP HISTORY LOGS

| IP Address | RDC | CM MAC | CPE MAC | Hostname | Starts (GMT) | Ends (GMT) |
|---|---|---|---|---|---|---|
| 72.192.29.149 | ri | 00:22:ce:72:b a:12 | e0:91:f5:ff:a a:01 | | 2012-10-28 01:51:34 | 2012-12-09 13:22:28 |
| 72.192.29.149 | ri | 00:22:ce:72:b a:12 | e0:91:f5:ff:a a:01 | | 2012-10-28 01:51:34 | 2012-12-01 18:40:15 |
| 72.192.29.149 | ri | 00:22:ce:72:b a:12 | e0:91:f5:ff:a a:01 | | 2012-10-28 01:51:34 | 2012-11-01 23:43:35 |
| 72.192.30.151 | ri | 00:22:ce:72:b a:12 | e0:91:f5:ff:a a:01 | | 2012-10-21 22:57:49 | 2012-10-26 16:16:09 |
| 72.192.30.44 | ri | 00:22:ce:72:b a:12 | e0:91:f5:ff:a a:01 | | 2012-10-14 19:03:02 | 2012-10-20 06:58:16 |

**5 lease record(s) found**

\* DHCP leases are stored in GMT. Don't forget to include a time zone when pasting any zone other than GMT.

8

## RECORDS CUSTODIAN INFORMATION FOR
## COX COMMUNICATIONS

See also: http://www.cox.com/policy/lawinformation/default.asp or call (404) 269-8100
Cox Privacy Notice: http://www.cox.com/policy/annualprivacynotice.asp

SubpoenaResponse@cox.com
Fax: (404) 269-1898

As of 7/25/2012

**Service of Process** - Cox Communications and its subsidiaries accept service of subpoenas, warrants and court orders, subject to payment of costs, by email at SubpoenaResponse@cox.com or by fax at (404) 269-1898. We do not accept service at any of our local offices. Our physical address is Records Custodian, Cox Communications, 1400 Lake Hearn Drive, Atlanta, GA 30319-1464. Physical service may be made on the agent for service of process for Cox Communications, available from the Secretary of State wherever we do business or on Corporation Service Company, 40 Technology Parkway South, Suite 400, Norcross, GA 30092.

**Restrictions** - Acceptance of service by facsimile or email is strictly conditioned upon payment of charges. Cox reserves the right to require payment in advance, to withhold delivery until payment and to seek enforcement of charges, including cost of collection. Entities that fail to pay charges must serve process upon the registered agent for Cox Communications within the appropriate state and requests for expedited response will not be granted. You will be notified if hourly charges apply and can request an estimate.

**Response Time** - Requests are handled in the order received, subject to pending expedited requests. Responsive information is generally provided within 10 business days. Expedited response for information other than call records, if available resources permit, will generally be provided within 3 business days. Extensive toll and call record detail requests may require 30 days or more.

**Questions** During business hours Eastern Time, all questions should be directed as follows:
- Fax: (404) 269-1898
- Email: SubpoenaResponse@cox.com
- Phone: (404) 269-0100 (Voice messages will be returned within 1 business day)

**Status Requests** - For security reasons, all questions must be submitted in writing along with a copy of the subpoena and response. To prevent delays in response to your request and those of others, please do not ask for the status of a request prior to 10 business days for subscriber information, 3 days for expedited requests and 30 days for call records. You may then fax a copy of your original subpoena with a cover page asking for the status.

**Records Retention** - The following retention policies generally apply to frequently sought records:
| | |
|---|---|
| IP Assignment Logs | Up to 6 months |
| Subscriber Information | 3 years |
| Call Records | 18 months (up to 36 in certain states) |
| LEA Preservation Requests | 90 days (additional 90 days upon further request) |

**Requirement for Court Order or Warrant** – Except as provided in 18 USC 2703, content of communications may not be provided without court order or warrant.

**Cost Reimbursement (18 U.S.C. § 2706)**
| | | |
|---|---|---|
| ☐ | $40.00 | Per account for basic information * |
| ☐ | $40.00 | Per account for alarm activity information |
| ☐ | $25.00 | Per account for alarm activity information (Cox Customers only) |
| ☐ | $80.00 | Per account for expedited handling |
| ☐ | $40.00/Month | Telephone call detail records (other than toll) |
| ☐ | No Charge | Telephone toll record and Cox telephone subscriber records of 10 or less** |
| ☐ | $5.00/Account | In excess of 10 subscribers |
| ☐ | $0.25/Page | Photocopies and facsimiles exceeding 10 pages |
| ☐ | $25.00 | Data on CD-ROM |
| ☐ | $25.00 | Express delivery |
| ☐ | $75.00/Hr./Staff | Requests requiring greater than 0.5 hours ($40.00 minimum) |
| ☐ | $80.00 plus $150.00Hr./Staff | For preservation or expedited handling, if available |
| ☐ | No Charge | Non-expedited child pornography or endangerment investigations and investigations of harassing or abusive calls, if documented when requested and unless expedited response is sought |
| ☐ | Pen Register/Trap and Trace | $2500 for 60 days - $2000 for each additional 60 days |
| ☐ | Wiretap | $3500 for 30 days - $2500 for each additional 30 days |

*Requests based on IP addresses must include date, time and time zone information in order to receive a response.
** Telephone subscriber requests from law enforcement in excess of 10 accounts or otherwise voluminous are subject to charge under 18 USC 2706. Inaccurate requests concerning non-Cox subscribers require a fee of $25 per non-Cox request. Law enforcement can determine providers at http://www.npac.com. Telephone account information in civil matters is charged at $40 per account.

**Payment Methods:** Include invoice reference number with payment. American Express, Visa and MasterCard accepted.

Check:
Make payable to Cox Communications, Inc. (Tax ID # 58-2112281) (Dun's # 789111374-1234)
Subpoena Compliance Payments
Cox Communications
1400 Lake Hearn Drive
Atlanta, GA 30319-1464

EFT: Contact us for instructions

**Contact Information** - (Please do not direct status requests or questions concerning subpoenas to these individuals.)

| | | | |
|---|---|---|---|
| Saquonna Wheeler | | Saquonna.wheeler@cox.com | Phone: (404) 269-6841 |
| Angela Frazier | | angela.frazier@cox.com | Phone: (404) 847-6180 |
| Ming Yao (National Security/Classified – 24/7) | | Phone: (678) 645-4603 | Fax (678) 645-1679 |
| | | Phone (after hours): (678) 645-0911 | |

After Business Hours – National Technical Operations Center (Eastern Time) 1 (855) 275-NTOC (6862) Opt. 5
After Business Hours – Cox Home Security Emergencies Only 1(800) 633-2677

# CERTIFICATE OF AUTHENTICITY OF DOMESTIC BUSINESS RECORDS PURSUANT TO FEDERAL RULE OF EVIDENCE 902(11)

I, __Jacqueline Murray_____, state that I am employed by __Cox Communications, Inc.,_____ (business), and that my official title is ___Subpoena Specialist_____. I am a custodian of records for such business entity. I state that each of the records attached hereto is the original record or a true duplicate of the original record in the custody of Cox Communications, Inc.,__ (name of business from which documents are produced), and that I am the custodian of the attached records consisting of ___5____ pages.

I further state that:

    A.    all records attached to this certificate were made at or near the time of the occurrence of the matters set forth, by, or from information transmitted by, or from information transmitted by, a person with knowledge of those matters;

    B.    such records were kept in the course of a regularly conducted business activity of Cox Communications, Inc.,__ (business); and

    C.    such records were made by __Cox Communications, Inc.,_ (business) as a regular practice.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on ____12/8/2012_____

Signature _____[signature: J. Murray]_____

10

Monday 10 of December 2012 09:13 AM, CCIFAX -> 814109818672, Page 11 of 16
Nov 20 2012 7:05PM HP LASERJET FAX 4106842695
8:13-cr-00108-JFB-TDT Doc # 123-5 Filed: 04/16/14 Page 11 of 18 - Page ID # 890

page 1

**FD-448**
Revised
10-27-2004

## FEDERAL BUREAU OF INVESTIGATION
### FACSIMILE COVER SHEET

7:19 pm

**PRECEDENCE**
- ○ Immediate
- ○ Priority
- ● Routine

**CLASSIFICATION**
- ○ Top Secret
- ○ Secret
- ○ Confidential
- ○ Sensitive
- ● Unclassified

**TO**
Name of Office: COX
Attn: Subpoena Compliance
Facsimile Number:
Room:
Date: 11/20/12
Telephone Number:

**FROM**
Name of Office: FBI/CID/MCGU
Originator's Name: SSA Maria E Jackson
Approved:
Originator's Telephone Number: 410-981-8703
Number of Pages (Including cover): 6
Originator's Facsimile Number: 410-981-8672 or 8712

**DETAILS**
Subject: Administrative Subpoena # 80347

Special Handling Instructions:
*** THE RETURN IS NOT COMPLETE WITHOUT THE COMPLETION OF THE CERTIFICATION. IF YOU HAVE ANY QUESTIONS, PLEASE FAX, E-MAIL (maria.jackson@ic.fbi.gov), OR CALL.

Brief Description of Communication Faxed:
THIS INVESTIGATION RELATES TO SEXUAL EXPLOITATION OF CHILDREN. YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA.

**WARNING**
Information attached to the cover sheet is U.S. Government Property. If you are not the intended recipient of this information disclosure, reproduction, distribution, or use of this information is prohibited (18 USC, § 641). Please notify the originator or local FBI office immediately to arrange for proper disposition.

FD-448 (Revised 10-27-2004)   Page 1 of 1   FEDERAL BUREAU OF INVESTIGATION

UNCLASSIFIED

**FD-1035**
(Rev 07-13-2012)

**U.S. DEPARTMENT OF JUSTICE/FEDERAL BUREAU OF INVESTIGATION**

**SUBPOENA**

Subpoena number: 00080347   When responding please reference this subpoena number.

In the matter of case number(s): 305A-HQ-1681046-1012
305A-OM-54353

**TO:** Cox Communications
Custodian of Records
**ADDRESS:** 1400 Lake Hearn Drive
Atlanta, GA 30319
**TELEPHONE:** 404-269-0100
**FAX:** 404-269-1898

**GREETING:**

By service of this subpoena upon you by JACKSON MARIA E, who is authorized to serve it, you are hereby commanded and required to disclose to JACKSON MARIA E, a representative of the FBI, the following information for the period 2012-11-01 to present or the billing cycle including the requested time period: customer or subscriber name, customer or subscriber address, local and long distance connection records, records of session times and duration, length of service (including start date), types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address (including IP address), and means and source of payment for service (including any credit card or bank account number) which may be relevant to an - Continued on Attachment A.

**THE INFORMATION SOUGHT THROUGH THIS SUBPOENA RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING CONDUCTED BY THE FBI. YOUR COMPANY IS REQUIRED TO FURNISH THIS INFORMATION.**

**YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE COULD INTERFERE WITH AN ONGOING INVESTIGATION AND ENFORCEMENT OF THE LAW.**

Production in electronic format is requested if requested materials are so maintained. Production in electronic format must be approved by named officer prior to compliance date.

Compliance must be made by personal appearance or production of records no later than the 03 day of December, 2012 at 5 o'clock PM, at FBI
FBI Mail Stop: LIN-3 935 Pennsylvania Ave. NW Washington, D.C. 20535

In lieu of a personal appearance, the information can be provided, via facsimile, marked to the attention of JACKSON MARIA E _____, at telephone number: 410-981-8672

In lieu of a personal appearance, the information can be provided, via mail, marked to the attention of JACKSON MARIA E _____, at the following address:
FBI Mail Stop: LIN-3 935 Pennsylvania Ave. NW
Washington, D.C. 20535

In lieu of a personal appearance, the information can be provided, via email, marked to the attention of JACKSON MARIA E _____, at the following address: maria.jackson@ic.fbi.gov

If you refuse to obey this subpoena, the United States Attorney General may invoke the aid of a United States District Court to compel compliance. Your failure to obey the resulting court order may be punished as contempt.

Issued under authority of Public Law No. 106-544, §5
(a) (18 U.S.C. §3486)

**ATTESTED COPY**

Signature:
Name, K. Paul Ch__, Supervisory Special Agent
Title:
Issued this 20 day of November, 2012

Monday 19 of December 2012 03:31 AM, CCIFAX -> 814109818672; Page 13 of 16
Nov 20 2012 7:06PM HP LASERJET FAX 4106842695
8:13-cv-00108-JFB-TDT  Doc # 123-5  Filed: 04/16/14  Page 13 of 18 - Page ID # 892
page 3

**UNCLASSIFIED**

ATTACHMENT A

Case Number(s): 305A-HQ-1681046-1012
305A-OM-54353

Subpoena Number: 00080347

authorized law enforcement inquiry, involving the following:
72.192.29.149 on the following timestamps (All time zones are in UTC):
2012-11-18 02:18:38
2012-11-18 02:20:31
2012-11-18 02:21:12
2012-11-18 02:22:54
2012-11-18 02:23:45
2012-11-20 03:29:14
2012-11-20 03:30:44
2012-11-20 03:32:14
2012-11-20 03:34:11
2012-11-20 03:34:30
2012-11-20 03:35:42
2012-11-20 03:35:54
2012-11-20 03:36:12
2012-11-20 04:40:39

Please see the attached page explaining some terms that may be used in this demand.

**UNCLASSIFIED**

Monday 16 of December 2012 09:51 AM   CCIFAX ->   814109818672; Page 14 of 16
Nov 20 2012 7:06PM   HP LASERJET FAX            4106842695
8:13-cr-00108-JFB-TDT   Doc # 123-5   Filed: 04/16/14   Page 14 of 18 - Page ID # 893

page 4

Case Number(s): 305A-HQ-1681046-1012
305A-OM-54353

UNCLASSIFIED

Subpoena Number: 00060347

# TERMINOLOGY

**IMPORTANT NOTE:** This part is **not** a demand but an explanation of some terms used in the subpoena and some suggestions to help with compliance. The actual information demanded by this subpoena is set forth on the front of the subpoena or in Attachment A, if so indicated on the first page. The terms explained here may or may not be part of information demanded.

> If the subpoena makes a demand for "local and long distance connection records, or records of session times and durations" for telephone or cell phone service, that means to include the following records if your company maintains these records—

- Incoming and outgoing local, regional, long distance, international, wholesale, cellular, paging, toll free, and prepaid connection records;
- Credit card calls (including, but not limited to, calls made through major credit card companies); and
- Alternate billed number calls (calls billed to third parties, collect calls, and calling card calls for calls through cards issued by the communications carrier originating from the foregoing telephone number(s) or terminating at the foregoing telephone number(s)).

> If the subpoena makes a demand for "length of service," include the start date and the closed date if the account is closed.

> If the subpoena makes a demand for customer or subscriber address, include both the postal address and physical address, if known.

> If the subpoena makes a demand for "means and source of payment" that means—

Method of payment to initiate and maintain service; and
Any available identification numbers for method of payment, including credit card numbers or prepaid calling card numbers.

> We are **not** directing that you provide, and you should not provide, information pursuant to this subpoena that would disclose the content of any wire communication. This means you should not disclose "any information concerning the substance, purport, or meaning of" a communication, as defined in Title 18 United States Code, Section 2510(8). Subject lines of e-mails are content information and should **not** be provided in response to this subpoena.

> If the records provided are particularly large we request that you provide this information in electronic format, preferably on a CD-ROM.

UNCLASSIFIED

14

Monday 0:13-00108-JFB-TDT Doc # 123-5 Filed: 04/16/14 Page 15 of 18 - Page ID # 894
Nov 20 2012 7:07PM HP LASERJET FAX 4106842695
CCIFAX -> 814109818672; Page 15 of 16

page 5

Case Number(s):        **UNCLASSIFIED**

Subpoena Number:

Public Law 544 - 106th Congress
2nd Session
H.R. 3048
AN ACT

To amend Title 18, United States Code, to provide clearer coverage over threats against former Presidents and members of their families, and for other purposes. Be it enacted by the Senate and House of Representatives of the United States of America in Congress assembled.

SEC. 5

(a) IN GENERAL- Section 3486(a) of title 18, United States Code, is amended--
  (1) so that paragraph (1) reads as follows:
    "(1)(A) In any investigation of--(i)(I) a Federal health care offense; or (II) a Federal offense involving the sexual exploitation or abuse of children, the Attorney General; or (ii) an offense under section 871 or 879, or a threat against a person protected by the United States Secret Service under paragraph (5) or (6) of section 3056, if the Director of the Secret Service determines that the threat constituting the offense or the threat against the person protected is imminent, the Secretary of the Treasury, may issue in writing and cause to be served a subpoena requiring the production and testimony described in subparagraph (B).
    (B) Except as provided in subparagraph (C), a subpoena issued under subparagraph (A) may require -- (i) the production of any records or other things relevant to the investigation; and (ii) testimony by the custodian of the things required to be produced concerning the production and authenticity of those things.
    (C) A subpoena issued under subparagraph (A) with respect to a provider of electronic communication service or remote computing service, in an investigation of a Federal offense involving the sexual exploitation or abuse of children shall not extend beyond-- (i) requiring that provider to disclose the name, address, local and long distance telephone toll billing records, telephone number or other subscriber number or identity, and length of service of a subscriber to or customer of such service and the types of services the subscriber or customer utilized, which may be relevant to an authorized law enforcement inquiry; or (ii) requiring a custodian of the records of that provider to give testimony concerning the production and authentication of such records or information.
    (D) As used in this paragraph, the term 'Federal offense involving the sexual exploitation or abuse of children' means an offense under section 1201, 2241(c), 2242, 2243, 2251, 2251A, 2252, 2252A, 2260, 2421, 2422, or 2423, in which the victim is an individual who has not attained the age of 18 years.';
  (2) in paragraph (3)--
    (A) by inserting 'relating to a Federal health care offense' after 'production of records'; and
    (B) by adding at the end the following: 'The production of things in any other case may be required from any place within the United States or subject to the laws or jurisdiction of the United States.'; and
  (3) by adding at the end the following:
    '(5) At any time before the return date specified in the summons, the person or entity summoned may, in the United States district court for the district in which that person or entity does business or resides, petition for an order modifying or setting aside the summons, or a prohibition of disclosure ordered by a court under paragraph (6).
    (6)(A) A United State district court for the district in which the summons is or will be served, upon application of the United States, may issue an ex parte order that no person or entity disclose to any other person or entity (other than to an attorney in order to obtain legal advice) the existence of such summons for a period of up to 90 days.
    (B) Such order may be issued on a showing that the things being sought may be relevant to the investigation and there is reason to believe that such disclosure may result in--
      (i) endangerment to the life or physical safety of any person;
      (ii) flight to avoid prosecution;
      (iii) destruction of or tampering with evidence; or
      (iv) intimidation of potential witnesses.
    (C) An order under this paragraph may be renewed for additional periods of up to 90 days upon a showing that the circumstances described in subparagraph (B) continue to exist.
    (7) A summons issued under this section shall not require the production of anything that would be protected from production under the standards applicable to a subpoena duces tecum issued by a court of the United States.
    (8) If no case or proceeding arises from the production of records or other things pursuant to this section within a reasonable time after those records or things are produced, the agency to which those records or things were delivered shall, upon written demand made by the person producing those records or things, return them to that person, except where the production required was only of copies rather than originals.
    (9) A subpoena issued under paragraph (1)(A)(i)(II) or (1)(A)(ii) may require production as soon as possible, but in no event less than 24 hours after service of the subpoena.
    (10) As soon as practicable following the issuance of a subpoena under paragraph (1)(A)(ii), the Secretary of the Treasury shall notify the Attorney General of its issuance.'.

(b) CONFORMING AMENDMENTS-
  (1) SECTION HEADING- The heading for section 3486 of title 18, United States Code, is amended by striking: 'in Federal health care investigations'.
  (2) TABLE OF SECTIONS- The item relating to section 3486 in the table of sections at the beginning of chapter 223 of title 18, United States Code, is amended by striking: 'in Federal health care investigations'.
  (3) CONFORMING REPEAL- Section 3486A, and the item relating to that section in the table of sections at the beginning of chapter 223, of title 18, United States Code, are repealed.

(c) TECHNICAL AMENDMENT- Section 3486 of title 18, United States Code, is amended--
  (1) in subsection (a)(4), by striking 'summoned' and inserting 'subpoenaed'; and
  (2) in subsection (d), by striking 'summons' each place it appears and inserting 'subpoena'.

**UNCLASSIFIED**

15

# CERTIFICATION UNDER FEDERAL RULES OF EVIDENCE 803(6) AND 902(11)

I HEREBY CERTIFY that I, _____, am the Custodian of Records for _____ (NAME OF BUSINESS*)¹, with its principal place of business located at _____. I further certify that:

1. The attached records, consisting of _____ pages, are duplicates / original records of _____ (NAME OF BUSINESS), hereafter "the business", which are maintained by me or under my supervision;

2. It is the regular practice of the business to make and maintain such records;

3. The records were made at or near the time of the occurrence(s) set forth thereon;

4. The records were made by a person or persons with knowledge, or from information transmitted by a person with knowledge of the matters contained thereon.

I submit this certification pursuant to Federal Rule of Evidence 902(11) and understand that, while no further authentication of these records is necessary, the attorney for the government may require my presence as a witness nonetheless.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

28 U.S.C. § 1746.

_____
Signature

Executed on: _____
Date

---

¹ The term "business" includes business, institution, association, profession, occupation and calling of every kind, whether or not conducted for profit.

## HP Color LaserJet CM2320nf MFP
## Fax Confirmation Report

HP LASERJET FAX
4106842694
Dec-10-2012  10:35AM

| Job | Date | Time | Type | Identification | Duration | Pages | Result |
|---|---|---|---|---|---|---|---|
| 5770 | 12/10/2012 | 10:14:15AM | Receive | | 20:43 | 16 | OK |

Monday 10 of December 2012   09:31 AM.   CCIFAX ->   614109818672  Page 1 of 16

# FAX

To : 14109818672

Company :

Department :

Fax number : 14109818672

Date : 12-10-12

Total number of pages : 16

From : Jacqueline Murray (CCI-

Subject: 72.192.29.149 / 00080347

MPA Jackson,

Please find attached the response to your Subpoena

Respectfully

*Jacqueline Murray*
**Subpoena Specialist**
Cox Communications, Inc.
jacqueline.murray@cox.com

UNCLASSIFIED

| FD-1035 (Rev 07-13-2012) | U.S. DEPARTMENT OF JUSTICE/FEDERAL BUREAU OF INVESTIGATION |
|---|---|

# SUBPOENA

Subpoena number: 00080347   When responding please reference this subpoena number.
In the matter of case number(s): 305A-HQ-1681046-1012
305A-OM-54353

**TO:** Cox Communications
Custodian of Records
**ADDRESS:** 1400 Lake Hearn Drive
Atlanta, GA 30319
**TELEPHONE:** 404-269-0100
**FAX:** 404-269-1898

**GREETING:**

By service of this subpoena upon you by JACKSON MARIA E, who is authorized to serve it, you are hereby commanded and required to disclose to JACKSON MARIA E, a representative of the FBI, the following information for the period 2012-11-01 to present or the billing cycle including the requested time period: customer or subscriber name, customer or subscriber address, local and long distance connection records, records of session times and duration, length of service (including start date), types of service utilized, telephone or instrument number or other subscriber number or identity, including any temporarily assigned network address (including IP address), and means and source of payment for service (including any credit card or bank account number) which may be relevant to an - Continued on Attachment A.

**THE INFORMATION SOUGHT THROUGH THIS SUBPOENA RELATES TO A FEDERAL CRIMINAL INVESTIGATION BEING CONDUCTED BY THE FBI. YOUR COMPANY IS REQUIRED TO FURNISH THIS INFORMATION.**

**YOU ARE REQUESTED NOT TO DISCLOSE THE EXISTENCE OF THIS SUBPOENA INDEFINITELY AS ANY SUCH DISCLOSURE COULD INTERFERE WITH AN ONGOING INVESTIGATION AND ENFORCEMENT OF THE LAW.**

Production in electronic format is requested if requested materials are so maintained. Production in electronic format must be approved by named officer prior to compliance date.

Compliance must be made by personal appearance or production of records no later than the 03 day of, December, 2012 at 5 o'clock PM, at FBI
FBI Mail Stop: LIN-3 935 Pennsylvania Ave. NW Washington, D.C. 20535

In lieu of a personal appearance, the information can be provided, via facsimile, marked to the attention of JACKSON MARIA E, at telephone number: 410-981-8672

In lieu of a personal appearance, the information can be provided, via mail, marked to the attention of JACKSON MARIA E, at the following address:
FBI Mail Stop: LIN-3 935 Pennsylvania Ave. NW Washington, D.C. 20535

In lieu of a personal appearance, the information can be provided, via email, marked to the attention of JACKSON MARIA E, at the following address: maria.jackson@ic.fbi.gov

If you refuse to obey this subpoena, the United States Attorney General may invoke the aid of a United States District Court to compel compliance. Your failure to obey the resulting court order may be punished as contempt.

Issued under authority of Public Law No. 106-544, §5 (a) (18 U.S.C. §3486)

ORIGINAL

Signature:
Name, Title: K. Paul Cha, Supervisory Special Agent
Issued this 20 day of November, 2012

18