IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, | 8:13CR108 |
| Plaintiff, | |
| vs. | **DEFENDANT'S MOTION IN LIMINE/ DAUBERT MOTION** |
| KIRK COTTOM, | |
| Defendant. | |

COMES NOW the Defendant, Kirk Cottom, by and through undersigned counsel, and hereby moves this Court for an Order in Limine prohibiting testimony from the Plaintiff's experts, FBI Special Agent (SA) Steven A, Smith, Jr. and FBI Supervisory Special Agent (SSA) P. Michael Gordon and Special Agent (SA) Jeff Tarpinian regarding the Network Investigative Technique employed in collection of evidence in the case at bar. Such testimony does not meet the standards established in Federal Rules of Evidence Rule 702 as such testimony is not reliable and lacks foundation. In support of this Motion in Limine / Daubert Motion, Defendant most respectfully submits:

1.  SA Smith, SSA Gordon have been identified as experts by the Plaintiff, and it is anticipated that SA Tarpinian will likely also be called as a plaintiff witness. (Filing 166)

2.  Per the November 7, 2014 disclosure, said experts are expected to testify to the following, "the structure, operation, monitoring and seizure of data from the websites your clients are charged with accessing. Such testimony may include a description of the structure, function, and content of the website, including the child pornography available (as further described in your client's Indictment, the search warrant affidavit authorizing the deployment f a Network Investigative Technique on the pertinent website, and the search warrant affidavit authorizing a search of your client's residence, all of which you have been provided through discovery); unique session identifiers that track a user's activity on the site; the particular web pages accessed by a user during one of those sessions; and particular child pornography images/videos accessed by a user during one of those sessions. Such testimony may include but not be limited to the operation of websites, computers and computer servers, and related

technical / concepts including HTML, HTTP, PHP, Flash, and Javascript.  Please note that a working offline copy of each of those websites has been made available to you and / or an expert of your choosing for examination.  Further, through discovery, you were provided reports documenting data obtained from those computer servers, including data pertinent to your client's actions on the site.  In addition, as we have previously advised you, the computer server(s) that hosted the websites are, and remain, available for examination by you or your expert. .. the "Network Investigative Technique" ("NIT") that was deployed  on each website and the admission of evidence obtained through the use of that technology. Such testimony may include: technical concepts underlying the use of technology such as the NIT, including but not limited to Flash, TCP, proxy servers, IP addresses, web browsers, computer servers, and exploits; the programming and operation of websites and computer servers and the programming, testing and deployment of computer code on websites and computer servers; the configuration and deployment of the particular  NIT utilized on the websites your clients accessed; and pre-deployment testing performed regarding the particular NIT utilized on the websites your clients accessed." (Filing 166)

3. The Plaintiff's experts' opinions regarding the above are inadmissible as they lack proper and sufficient foundation upon which to make the opinions expressed above regarding the NIT.

4. The Plaintiff's experts' opinions regarding the NIT are based on insufficient data.

5. The NIT deployed in the case at bar has been subject to review by the Defendant's experts who could not definitively determine whether the NIT meet the four factors outlined in *Daubert v. Merrell Dow Pharmaceuticals*, 113 S.Ct. 2786 (1983) due to the fact that the government refused to provide the Defendant's experts the Source Code used to create the NIT.

6. Without the Source Code, Defendant's experts were forced to make up a code to test the NIT.  Without the Source code, the Defendant's experts could not fully test the NIT, could not fully subject the NIT to peer review, and could not fully determine its rate of error.

7. While the Defense Experts believe that the code that they created in lieu of the Source Code was sufficient, it was not the Source Code used by the government.

8. Until the actual Source Code used by the government is provided to the Defense Experts, it is impossible to determine if the NIT is 100% verifiable.

9. Because the NIT Source Code has not been provided, it is impossible for to fully review the NIT, and thus the Plaintiff experts should be prevented from testifying to the results of this unverifiable Source Code and NIT.

WHEREFORE, Defendant prays for an Order in Limine excluding testimony from all experts including but not limited to SA Smith, SA Tarpinian and SSA Gordon regarding the material listed herein regarding the NIT.

DATED this 25th day of June, 2015.

KIRK COTTOM, Defendant

By:     *s/Joseph L. Howard*
Joseph L. Howard, #22743
DORNAN, LUSTGARTEN & TROIA, PC, LLO
1403 Farnam Street, Suite 232
Omaha, NE 68102
(402) 884-7044
(402) 884-7045 facsimile
jhoward@dornanandlustgarten.com
*Attorney for Defendant*

## CERTIFICATE OF SERVICE

I hereby certify that on 25th day of June, 2015, I electronically filed the foregoing Motion in Limine / Daubert Motion  with the Clerk of the District Court using the CM/ECF system which sent notification of such filing to the following:

Michael P. Norris, Assistant United States Attorney

As well as all parties of record using the CM/ECF system.

and I hereby certify that I have mailed by United States Postal Service the document to the following non CM/ECF participants:

N/A

*s/Joseph L. Howard*
Joseph L. Howard, #22743
Attorney for Defendant Cottom