```
 1              IN THE UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF NEBRASKA
 2

 3    THE UNITED STATES OF AMERICA,   )   Case No. 8:13CR108
                                      )
 4              Plaintiff,            )
                                      )
 5         vs.                        )
                                      )
 6    KIRK COTTOM,                    )
                                      )       Omaha, Nebraska
 7              Defendant.            )       July 27, 2015

 8
                        TRANSCRIPT OF PROCEEDINGS
 9          BEFORE THE HONORABLE JOSEPH F. BATAILLON
              UNITED STATES SENIOR DISTRICT JUDGE
10

11                     A-P-P-E-A-R-A-N-C-E-S

12    FOR THE PLAINTIFF:         Mr. Keith A. Becker
                                 Trial Attorney
13                               U.S. Department of Justice
                                 1400 New York Ave., NW
14                               Suite 600
                                 Washington, DC 20530
15
                                 Mr. Michael P. Norris
16                               Assistant U.S. Attorney
                                 1620 Dodge Street, Ste. 1400
17                               Omaha, Nebraska 68102-1506

18    FOR THE DEFENDANT:         Mr. Joseph L. Howard
                                 Dornan, Lustgarten & Troia PC
19                               1403 Farnam Street, Ste. 232
                                 Omaha, Nebraska 68102
20

21    COURT REPORTER:            Ms. Susan M. DeVetter, RDR, CRR
                                 Official Court Reporter
22                               Hruska Courthouse, Suite 3130
                                 111 South 18th Plaza
23                               Omaha, Nebraska 68102-1322
                                 (402) 661-7309
24

25    Proceedings recorded by mechanical stenography, transcript
      produced with computer.
```

```
 1        (At 9:49 a.m. on July 27, 2015; with counsel present;
 2   WITHOUT the defendant:)
 3             THE COURT:  Please be seated.
 4        All right.  This is the case of the United States of
 5   America versus Kirk Cottom, Case No. 13CR108.
 6        Would the attorneys please enter their appearance for the
 7   record.
 8             MR. BECKER:  Keith Becker for the United States.
 9   Good morning, Your Honor.
10             THE COURT:  Good morning.
11             MR. NORRIS:  Good morning, Your Honor.  For the
12   United States, Michael Norris.
13             MR. HOWARD:  Good morning, Your Honor.  Joseph L.
14   Howard on behalf of Mr. Kirk Cottom, who's not present this
15   morning.  I will waive his appearance.
16             THE COURT:  All right.  And we're just talking about
17   preliminary scheduling matters and some other discovery issues,
18   so I don't know that his presence is necessary.
19        So I asked -- I asked last week for you to come back and
20   talk to me about how and when we could handle the hearing
21   preceding Mr. Cottom's trial.  So who wants to speak for the
22   government?
23             MR. BECKER:  Judge, I think the bottom line is that
24   we can go forward with that hearing on August 3rd, which was
25   scheduled to be our first trial day.
```

```
 1              THE COURT:  Okay.  And you would call -- you plan to
 2    call whom or what?
 3              MR. BECKER:  I don't know about "what."
 4              THE COURT:  Yeah.
 5              MR. BECKER:  We plan to call Special Agent Steven A.
 6    Smith, Jr.
 7              THE COURT:  Okay.
 8              MR. BECKER:  The FBI contractor --
 9              THE COURT:  Okay.
10              MR. BECKER:  -- who is available.  No longer working
11    for the FBI, works for a private company, but he is available
12    and we've talked to him and confirmed that.
13              THE COURT:  Okay.
14              MR. BECKER:  Supervisory Special Agent Michael
15    Pilapil.
16              THE COURT:  Okay.
17              MR. BECKER:  And possibly one other additional FBI
18    employee named John Solano.
19              THE COURT:  Okay.
20              MR. BECKER:  Not sure whether he'll -- his testimony
21    will be necessary or not but will be prepared to.
22              THE COURT:  Okay.
23              MR. BECKER:  They're all available.
24              THE COURT:  All right.  And, Mr. Howard, how about
25    you?  Will you have a witness available if necessary?
```

1          MR. HOWARD:  I have talked to Matt Miller, who is our
2    expert.  He is available --
3          THE COURT:  Okay.
4          MR. HOWARD:  -- that Monday morning.  However --
5          THE COURT:  Go ahead.
6          MR. HOWARD:  I'm not trying to muddy the waters, but
7    this is all happening in real-time.
8      I just received a very lengthy email from my client
9    alleging that aspects of the NIT are fraudulent based on the
10   information that we obtained last week from Matt Miller's
11   review of some of the intricacies of the NIT.
12     And I'm only telling you this, Your Honor, because I
13   then took that email from my client and I forwarded it to
14   Mr. Miller, Dr. Miller, for his review to determine whether or
15   not there's anything of substance to the allegations of fraud
16   in the NIT.
17         THE COURT:  Correct.
18         MR. HOWARD:  So upon his return to me with an answer
19   as to whether there's anything to this, I may or may not be
20   filing an additional motion to suppress.
21         THE COURT:  Okay.
22         MR. HOWARD:  I just wanted to make you aware of that
23   for -- for obvious reasons.
24         THE COURT:  No, I understand.  But -- but I don't --
25   I don't want to get -- I don't want -- I don't want this sprung

1   on me on Monday, okay?  So we've got the whole week between now
2   and Monday.
3         So I -- I mean, from a real-time standpoint, I'd like to
4   know by Wednesday if there's going to be any additional
5   motions.  Is that a timeline you could work with?
6             MR. HOWARD:  It's going to -- I'm going to make it
7   work, yes.
8             THE COURT:  All right.  So you have -- you have until
9   Wednesday to tell me whether there's something additional you
10  want me to consider --
11            MR. HOWARD:  Thank you, sir.
12            THE COURT:  -- so that the government will have time
13  to respond and I'll have time to respond.
14        But be that as it may, we're going to start on Monday
15  morning with this hearing.
16        The question then is whether we pick the jury on Tuesday
17  or try to still do it on Monday.  So does the government have a
18  preference?
19            MR. BECKER:  Judge, I think probably -- I think it's
20  probably going to make a -- make sense to pick the jury on
21  Tuesday and just let us deal with pretrial hearings on Monday.
22  That may also mean that whatever Mr. Cottom may try to file or
23  not file in terms of a suppression motion or whatever it's
24  going to be styled at, we may be able to deal with on Monday as
25  well.

1    THE COURT: Okay.

2    MR. BECKER: And just save that as a motions day and
3 go forward with the jury on Tuesday.

4    THE COURT: On Tuesday.

5    MR. BECKER: I think we -- we want to try to keep the
6 trial schedule. You know, we're three years into this
7 investigation and prosecution. We're definitely interested in
8 getting this case resolved on the current schedule.

9    THE COURT: All right. Mr. Howard, do you have any
10 objection to that, at least today?

11   MR. HOWARD: No, sir. No.

12   THE COURT: Okay. So we'll start then Monday
13 morning. Let's give my staff a little break and say nine
14 o'clock. And then we'll -- we'll keep the balance of the day
15 for any pretrial matters and then pick the jury on -- plan to
16 pick the jury on Tuesday morning at nine.

17   So I have -- I have one other issue with respect to jury
18 instructions that I want to take up with you, but first I'm
19 going to ask if either of you have any other issues with
20 respect to Mr. Cottom that we need to take up?

21   Mr. Becker?

22   MR. BECKER: Not from us, Your Honor.

23   THE COURT: Mr. Howard?

24   MR. HOWARD: We're having conferences right now about
25 whether or not we can do a bench trial on this, and we'll keep

```
 1    you informed as to how that conversation unfolds.
 2            THE COURT:  Let me know.  But let's -- so let's talk
 3    about jury instructions, okay?
 4       So I sent you a set of jury instructions for Tidwell, both
 5    of you -- or all three of you.  I think that this case is
 6    exactly the same as Cottom's.  In other words, Tid- -- I got it
 7    backwards for the record.  Cottom's case is exactly the same as
 8    Tidwell's as far as how it's charged.  Is that correct,
 9    Mr. Becker?
10            MR. BECKER:  That's correct right now.  We're in --
11    we're having conversations about whether Mr. Cottom is
12    interested in consolidating his Western District of New York
13    charges --
14            THE COURT:  Oh, okay.
15            MR. BECKER:  -- in a single trial.  Don't know where
16    those conversations are going to go.  That would mean some
17    additional charges, although the same --
18            THE COURT:  Same --
19            MR. BECKER:  -- same bucket of charges.
20            THE COURT:  Right.
21            MR. BECKER:  The charges in Western District of
22    New York are receipt, access and possession.
23            THE COURT:  Same as here.
24            MR. BECKER:  Here is receipt and access.
25            THE COURT:  Oh, but not --
```

```
 1              MR. BECKER:  Not possession.
 2              THE COURT:  Not possession.
 3              MR. BECKER:  There's no venue for possession in
 4   Nebraska.
 5              THE COURT:  Well, the problem that I had with the
 6   last case I tried was the attempt --
 7              MR. BECKER:  Right.
 8              THE COURT:  -- okay?  And we're still in the
 9   process, I -- I haven't approved the order on that yet, but
10   it creates huge conceptual problems for me.  And I think I
11   made a mistake in the way I -- I -- I let -- let that proceed.
12   I don't know that it makes any difference on the outcome, but
13   it's -- I think it creates some conceptual -- legal conceptual
14   problems.
15       So if you -- if you read my instructions, which you might
16   not have done because you knew the case was going to settle on
17   Friday --
18              MR. BECKER:  We did.
19              MR. NORRIS:  We read them.
20              THE COURT:  Okay.  You'll see that we're going to
21   instruct on attempt but the jury instruction is going to be
22   if they find receipt or possession, that they're not going to
23   then decide on the attempt.  So there's no lesser-included
24   unless there's some special facts during the trial that get
25   you the lesser-included.  Because I'm concerned conceptually
```

1    about how that works and how jeopardy attaches on those
2    issues.
3           So I intend to instruct the same way on Cottom as I have
4    proposed to instruct on Tidwell.
5           So if you -- if you gentlemen have a problem with it,
6    I'd at least like to talk about it, either now or certainly
7    later on.
8                  MR. BECKER:  We can talk about it -- from our side,
9    we can talk about it now, Judge.  I don't think we have any
10   objection to the "if you find guilty of receipt, do not
11   deliberate on the theory of attempted receipt."
12                 THE COURT:  Correct.
13                 MR. BECKER:  I think the way we were reading this
14   version of the jury instructions though, it seemed as though it
15   was also "if you find guilty on receipt, do not deliberate on
16   access with intent to view."  We don't think that would be
17   either --
18                 THE COURT:  Okay.
19                 MR. BECKER:  -- that would be appropriate.  You know,
20   they -- they passed the *Blockburger* test in terms of having
21   different elements, and so we would still want a -- to find --
22   even if you find receipt, still move on to Count II, access
23   with intent to view, and then --
24                 THE COURT:  So you don't think --
25                 MR. BECKER:  No need to go from that to an attempt

```
 1    theory on access with intent.
 2              THE COURT:  Okay.  Well, that solves the biggest
 3    conceptual problem that I have.
 4              MR. BECKER:  Agreed.
 5              THE COURT:  And access with intent to view, why is
 6    that different than -- than receipt?
 7              MR. BECKER:  The elements differ and so from a
 8    Blockburger -- Blockburger sense, they are -- there's
 9    not -- it's not a lesser-included because of the differing
10    elements.
11              THE COURT:  Do you have different dates?  You
12    don't have different dates though but you might have
13    different events that occur -- or that coincide with each
14    of those charges?
15              MR. BECKER:  Right.  We don't have different dates.
16    I think the way that we've argued it in the prior trials has
17    been that the access with intent, you know, the proof of that
18    is the access to the website; it's the website itself.
19              THE COURT:  Oh, I see.
20              MR. BECKER:  The receipt counts have to do with the
21    particular images that are downloaded during a particular
22    session.
23              THE COURT:  So you'd have to prove that the defendant
24    accessed the website on the dates alleged?
25              MR. BECKER:  Yeah.
```

1             THE COURT: Okay. And that's the difference
2    between -- so it might be receipt but it's also viewing with
3    intent?
4             MR. BECKER: (Nodded affirmatively.)
5             THE COURT: And that's your position?
6             MR. BECKER: Yes.
7             THE COURT: All right. Mr. Howard, do you have any
8    questions about that?
9             MR. HOWARD: No. And, unfortunately, that makes
10   sense.
11            THE COURT: It makes sense to me.
12            MR. HOWARD: Yeah.
13            THE COURT: But it made sense to me the last time I
14   instructed on both attempt and receipt so -- sometimes I'm
15   easily deluded.
16         Okay. So I'll -- we'll -- I'll check the instructions to
17   make sure we don't have a problem as far as viewing with
18   intent.
19         Is there anything else that the government wants to take
20   up at this time?
21            MR. BECKER: Not at this time, Your Honor.
22            THE COURT: Mr. Howard?
23            MR. HOWARD: No. Thank you very much, sir.
24            THE COURT: All right. So we'll see you then on
25   Monday at nine o'clock.

1       MR. BECKER:  Okay.

2       THE COURT:  We're adjourned.

3    (Recess at 10:00 a.m.)

4                         * * *

19                    C E R T I F I C A T I O N

20    I, Susan M. DeVetter, RDR, CRR, certify that the foregoing

21 is a correct transcript from the record of proceedings in the

22 above-entitled matter.

23

24    _/s/ Susan M. DeVetter_              _January 20, 2016_
         Official Court Reporter                    Date
25